IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHNNIE SHAFFER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-070 |
| | ) | |
| WILLIAM DANFORTH, Warden; LT. | ) | |
| MADDOX, CO I; SGT. FASON; | ) | |
| FNU BEASLY, Unit Manager; and JOHN | ) | |
| DOE, E-2 Floor Officer, CO I, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events that occurred at Telfair State Prison ("TSP") in Helena, Georgia. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court **DIRECTS** the **CLERK** to add to the docket the John Doe Defendant identified in the caption of this Order, in conformity with Plaintiff's complaint. (See doc. no. 1, p. 4.)

I.  **SCREENING OF THE COMPLAINT**

Plaintiff names the following Defendants:  (1) William Danforth, Warden at TSP; (2) Lt. Maddox, a correctional officer at TSP; (3) Sgt. Fason, a correctional officer at TSP; (4) FNU

Beasly, a unit manager at TSP; and (5) John Doe, a male correctional officer at TSP working the floor in Dormitory E-2 on March 15, 2014. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 15, 2014, Defendants Maddox and Doe beat Defendant while he was handcuffed and then dragged him out of his cell, all the while calling Plaintiff derogatory names. (Id. at 5.) Fearful of the two officers because of the beating he was receiving, Plaintiff attempted to resist leaving his cell, which resulted in the officers kicking at Plaintiff to dislodge him from his cell. (Id.) In the struggle, Plaintiff collided with Defendant Maddox, causing a can of mace to explode over Plaintiff. (Id.) Plaintiff was not allowed to shower off the mace or receive medical attention for the injuries he received during the beating. (Id.)

Unrelated to the beating from Defendants Maddox and Doe, Plaintiff also asserts that he has a medical profile for a bottom bunk assignment, but Defendants Fason and Beasly put him in a cell with another inmate who also had a bottom bunk profile. (Id.) Thus, Plaintiff ended up sleeping on the floor. (Id.) Plaintiff provides no details as to when this cell assignment occurred or how long he slept on the floor.

Plaintiff seeks damages for his pain and suffering, demotion of Defendants Beasly, Maddox and Fason, termination of the John Doe Defendant from his job, and letters of apology from all Defendants. (Id. at 6.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably

2

stated Eighth Amendment claims against Defendants Maddox and the John Doe floor officer assigned to the E-2 dorm on March 15, 2014 who performed the acts described above for (1) use of excessive force, see Hudson v. McMillian, 503 U.S. 1, 6 (1992); and (2) deliberate indifference to a serious medical need, see Farmer v. Brennan, 511 U.S. 824, 834-39 (1994). Accordingly, process shall issue as to Defendants Maddox and John Doe. In a companion Report and Recommendation, the Court recommends dismissal of all other claims and Defendants.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants Maddox and Doe. Defendant John Doe has been identified as the white male Correctional Officer I assigned to the floor of Dormitory E-2 at TSP on March 15, 2014 who, along with Defendant Maddox, is alleged to have participated in beating Plaintiff. Plaintiff states that his grievance about this episode was forwarded to the Internal Investigation section of the Georgia Department of Corrections, (doc. no. 1, p. 3), and that TSP keeps the names of employees working on any given day in the prison "Log Book." (See doc. no. 7.) The Court **DIRECTS** the U.S. Marshal to use reasonable efforts to locate and serve this Defendant. See Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010). If this information is not sufficient for the Marshal to identify and serve Defendant John Doe, as explained herein, Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant John Doe to effect service.

The United States Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request that the defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a

defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 120 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also moves for the appointment of counsel, arguing that he is not trained in the law, his ignorance of the law will cause unspecified delays in these proceedings, and he has been granted *in forma pauperis* status. (See generally doc. no. 8.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and, additionally, where such appointment would alleviate security concerns and help sharpen the issues).

Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, as set forth *supra*, Plaintiff has been able to present his claims well enough for the Court to determine that he has arguably stated claims for relief against two Defendants. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 8.) The Court will entertain a second motion for appointment of counsel if, later on in the proceedings, exceptional circumstances arise and Plaintiff cannot present the essential merits of his position, and it becomes apparent that counsel should be appointed, after due consideration of the

complexity of the issues raise or their novelty. See Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).

SO ORDERED this 21st day of October, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA