IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JOHNNIE SHAFFER, JR.,           )
                                )
            Plaintiff,          )
                                )
      v.                        )           CV 314-070
                                )
WILLIAM DANFORTH, Warden; LT.   )
MADDOX, CO I; SGT. FASON;       )
FNU BEASLY, Unit Manager; and JOHN )
DOE, E-2 Floor Officer, CO I,   )
                                )
            Defendants.         )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events that occurred at Telfair State Prison ("TSP") in Helena, Georgia. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court **DIRECTS** the **CLERK** to add to the docket the John Doe Defendant identified in the caption of this Order, in conformity with Plaintiff's complaint. (See doc. no. 1, p. 4.)

I.     **SCREENING OF THE COMPLAINT**

       A.     **BACKGROUND**

       Plaintiff names the following Defendants: (1) William Danforth, Warden at TSP; (2) Lt. Maddox, a correctional officer at TSP; (3) Sgt. Fason, a correctional officer at TSP; (4) FNU

Beasly, a unit manager at TSP; and (5) John Doe, a male correctional officer at TSP working the floor in Dormitory E-2 on March 15, 2014. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 15, 2014, Defendants Maddox and Doe beat Defendant while he was handcuffed and then dragged him out of his cell, all the while calling Plaintiff derogatory names. (Id. at 5.) Fearful of the two officers because of the beating he was receiving, Plaintiff attempted to resist leaving his cell, which resulted in the officers kicking at Plaintiff to dislodge him from his cell. (Id.) In the struggle, Plaintiff collided with Defendant Maddox, causing a can of mace to explode over Plaintiff. (Id.) Plaintiff was not allowed to shower off the mace or receive medical attention for the injuries he received during the beating. (Id.)

Unrelated to the beating from Defendants Maddox and Doe, Plaintiff also asserts that he has a medical profile for a bottom bunk assignment, but Defendants Fason and Beasly put him in a cell with another inmate who also had a bottom bunk profile. (Id.) Thus, Plaintiff ended up sleeping on the floor. (Id.) Plaintiff provides no details as to when this cell assignment occurred or how long he slept on the floor.

Plaintiff seeks damages for his pain and suffering, demotion of Defendants Beasly, Maddox and Fason, termination of the John Doe Defendant from his job, and letters of apology from all Defendants. (Id. at 6.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it

"lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.  Plaintiff Fails to State a Claim against Defendants Fason and Bealsy Based on His Bottom Bunk Profile.**

Plaintiff's allegations that Defendants Fason and Beasly assigned him to a cell with another inmate who also had a bottom bunk medical profile fails to state a claim upon which relief can be granted.  To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that:  (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)).  To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person:  (1) was subjectively aware of a serious risk of harm, (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence."  Id. at 1326-27.

Here, the entirety of Plaintiff's allegations regarding his medical profile and assignment to a bottom bunk is covered in two sentences.  He states that he has a bottom bunk profile, but he does not describe the medical condition that caused him to be assigned a bottom bunk profile, let alone allege it was a serious medical need.  (Doc. no. 1, p. 5.)  Nor does he state Defendants Fason or

4

Beasly knew of Plaintiff's condition that resulted in a bottom bunk profile. Plaintiff does not allege that these two Defendants knew the other inmate in Plaintiff's cell also had a bottom bunk profile such that Plaintiff would not be able to have the bottom bunk. Further, Plaintiff does not allege that he made either Defendant aware of the assignment conflict with his cell mate's profile, and he does not state how long he had to sleep on the floor because of the assignment. In sum, Plaintiff's allegations against Defendants Fason and Beasley fail to satisfy either the objective or subjective components of a deliberate indifference claim. As these two Defendants were named only in relation to the bottom bunk profile claim, they should be dismissed from the case.

### 3. Plaintiff Fails to State a Supervisory Liability Claim Against Defendant Danforth.

Plaintiff's complaint also fails to state a claim against Defendant Danforth because he is attempting to hold the warden liable merely in light of his supervisory position at TSP. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Danforth liable, Plaintiff must demonstrate

that either (1) Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff never mentions Defendant Danforth in his statement of claim and appears to name him as a Defendant not because of his direct involvement in the March 15th altercation at Plaintiff's cell and subsequent lack of medical care but merely because of his supervisory position. (See generally doc. no. 1.)

Likewise, Plaintiff must allege a causal connection between Defendant Danforth and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, as noted above, Plaintiff never mentions Defendant Danforth in his statement of claim, let alone does Plaintiff draw the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Danforth, and he should be dismissed from the case. In a companion Order, the Court allows Plaintiff to proceed with his Eighth Amendment claims against Defendants Maddox and John Doe.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that all claims related to Plaintiff's bottom bunk profile and Defendants Danforth, Fason, and Beasly be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 21st day of October, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA