IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHNNIE SHAFFER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-070 |
| | ) | |
| LT. MADDOX, CO I, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Autry State Prison ("Autry") in Pelham, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events that occurred at Telfair State Prison ("TSP") in Helena, Georgia. Because he is proceeding *in forma pauperis*, the Court screened Plaintiff's complaint to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). On October 21, 2014, the Court directed service of process to be effected on two correctional officers at TSP, Defendants Maddox and Doe, based on Plaintiff's allegations of use of excessive force and deliberate indifference to a serious medical need. (See doc. no. 9.) After the Court allowed Plaintiff to proceed with these two claims, Plaintiff was transferred to Autry, but he now seeks an order from the Court that he immediately be transferred to Wilcox State Prison, Dooly State Prison, or Alberta State Prison. According to Plaintiff, unnamed staff at Autry have threatened to harm him if he does not drop this lawsuit against two correctional officers at TSP. (See doc. no. 18.)

The Court does not have jurisdiction over Plaintiff's claims because Autry is located in Pelham, Georgia, and claims arising at that location fall under the jurisdiction of the Middle District of Georgia, not the Southern District. That is, this Court does not have jurisdiction to order persons in the Middle District who are not defendants in this lawsuit to take any action with respect to Plaintiff. Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003). If Plaintiff wants to file a federal lawsuit about conditions at Autry, he can do so by filing a new lawsuit, subject to all the terms and conditions of the Prison Litigation Reform Act, in the Middle District of Georgia. As explained to Plaintiff in the Court's July 28, 2014 Order entered in the instant case, (doc. no. 3), these terms and conditions include, *inter alia*, an agreement to pay the full filing fee for a new case and exhaustion of all administrative remedies prior to filing such a lawsuit. 28 U.S.C. § 1915(b)(1); 42 U.S.C. § 1997e(a). However, even if the Court had jurisdiction over persons at Autry, and Plaintiff had filed a proper complaint and service of process had been effectuated, he would still not be entitled to the relief he seeks.

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, he has not shown a substantial likelihood of success on the merits because this case is about alleged use of excessive force and deliberate indifference at TSP, not alleged threatening comments at Autry. Moreover, mere name calling or verbal abuse, without more, does not state a claim under § 1983. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[The plaintiff's] allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."); Thomas v. Savannah News Press Co., No. CV 487-307, 1987 WL 113751, at *2-4 (S.D. Ga. Dec. 3, 1987) (Edenfield, J.) (finding no § 1983 claim based on verbal abuse and threats).

Second, Plaintiff has not shown that he will be irreparably harmed if the injunction does not issue. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). Here, Plaintiff does not even identify the staff members who have allegedly threatened him, and the only tangible action purportedly taken against Plaintiff is providing him with a dirty uniform that "makes [Plaintiff] feel there will be an attempt made on my life by staff." (Doc. no. 18, p. 5.)

Plaintiff also completely fails to address whether the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, under the circumstances presented by this case, the Court will not insert itself into the decision making process of where to house a state prisoner. To the extent Plaintiff also requests that prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting any staff member at Autry, or at any prison, from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" — a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

In sum, Plaintiff fails to satisfy any of the required elements for the injunctive relief he seeks. Moreover, in the Court's November 13, 2014 Order, the Court cautioned Plaintiff that any motion failing to comply with the Court's Local Rules, including the requirement for a Certificate of Service showing a filing had been served on the opposing party, may result in summary denial of a motion. (Doc. no. 16, pp. 2-3 (citing Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1].) The Certificate of Service attached to the instant motion states only that it was served on the Clerk of Court, not on a named Defendant.

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**. (Doc. no. 18.)

SO REPORTED and RECOMMENDED this 19th day of November, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA