IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHNNIE SHAFFER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-070 |
| | ) | |
| | ) | |
| LT. KYLE MADDOX, CO I, and | ) | |
| JOHN CREAMER, E-2 Floor Officer, CO I, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On November 24, 2015, Defendants moved for summary judgment with respect to the claim by Plaintiff, now an inmate at Valdosta State Prison ("VSP"), of use of excessive force at Telfair State Prison on March 15, 2014. (Doc. no. 52.) As part of that motion, Defendants attached a DVD recording of the escort between cells during which Plaintiff claims Defendants used excessive force. (Id., Ex. A.) Because Defendants failed to indicate on the Certificate of Service attached to their motion that Plaintiff had been served at his current place of incarceration, the Court directed defense counsel to file a certification by December 24, 2015, showing the documents filed on November 24th had been served on Plaintiff at VSP. (See doc. no. 56.) Unfortunately, the new Certificate of Service contained a typographical error suggesting the papers filed on November 24th had been filed on November 14, 2015. (See doc. no. 58.)

However, the docket reflects there was nothing filed in this case on November 14, 2015. Plaintiff has clearly received the filings made on November 24th, as he has filed numerous documents in response. Thus, Plaintiff's concerns that he has not been served with documents filed November 14th, (see doc. no. 66), can be laid to rest.

Plaintiff also filed a motion to compel correspondence with a "key evidentiary witness," inmate Larry Bowling who is housed somewhere other than VSP, as well as a viewing of the DVD exhibit to the motion for summary judgment. (Doc. no. 64.) According to the December 7, 2015 memorandum attached to Plaintiff's motion, VSP officials had not yet received the DVD, which defense counsel informed the Court on November 24, 2015, had been mailed to VSP. (Id. at 5; see also doc. no. 54.) The Court is confident that even with customary delays attendant to mail processing during the holiday season, the DVD has now arrived. VSP officials shall make arrangements for Plaintiff to view the DVD by no later than January 11, 2016, so that Plaintiff will be able to meet the January 22, 2016 extended deadline set by the Court for Plaintiff to provide any additional response to the motion for summary judgment. Defense counsel shall file a certification for the record by no later than January 15, 2016, confirming the date and time the viewing occurred.

As to the request to compel correspondence with inmate Larry Bowling, the Court denies that request without prejudice because Plaintiff has not adequately explained why he needs an affidavit from Mr. Bowling to respond to the motion for summary judgment. Plaintiff argues Mr. Bowling has been identified as a witness since November 2014. (Doc. no. 64, p. 2.) However, Mr. Bowling was first identified as a person related to Plaintiff's claim concerning assignment to a bottom bunk because Mr. Bowling was Plaintiff's cellmate

who also had a bottom bunk profile. (See doc. no. 12, pp. 7-9.) United States District Judge Dudley H. Bowen, Jr., dismissed the bottom bunk profile claim on November 12, 2014. (Doc. no. 14.) Likewise, Judge Bowen dismissed Plaintiff's claim that he had been denied medical care after the escort concluded and he had been placed in a cell with Mr. Bowling. (See doc. nos. 35, 39.) Plaintiff did not mention Mr. Bowling during his deposition taken on September 8, 2015. (See doc. no. 52, Ex. A.)

In an affidavit submitted with his motion to compel, Plaintiff states that Mr. Bowling "can verify" Defendants grabbed Plaintiff's arms and began to drag him to an "unknown location with intent of malice to harm me." (Doc. no. 60, p. 1.) Of course, there is no question that Defendant Maddox and Creamer were escorting Plaintiff during the events forming the basis for this lawsuit, Plaintiff himself can attest to whether he was grabbed or dragged, and there is a DVD of the events in question. Plaintiff has not explained how Mr. Bowling has any basis of knowledge as to Defendants' alleged intent to maliciously harm him.

In the absence of an explanation has to the relevance of any information Mr. Bowling might have with respect to responding to the motion for summary judgment, the request that prison officials be directed to approve altering their security measures and allowing Plaintiff to contact an inmate at another institution is denied. Plaintiff may re-urge his request as to Mr. Bowling by no later than January 22, 2016. Any such renewed motion must *specifically* explain what information Mr. Bowling is expected to provide and its relevance to the pending motion for summary judgment on the sole, remaining excessive force claim.

In sum, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to compel. (Doc. no. 64.) Plaintiff must be allowed to view the DVD attached as an exhibit to the motion for summary judgment by no later than January 11, 2016. Defense counsel shall file a certification no later than January 15, 2016, confirming the date and time the viewing occurred. Plaintiff shall have until January 22, 2016, to provide any additional response to Defendants' motion for summary judgment and, if necessary, to re-urge his motion to contact inmate Larry Bowling. Any such renewed motion must be filed in accordance with the instructions provided above related to content and explanation of relevance.

SO ORDERED this 5th day of January, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA