FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 FEB 23 PM 2:21
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| JOHNNIE SHAFFER, JR., | * | |
| Plaintiff, | * | |
| v. | * | CV 314-070 |
| LT. KYLE MADDOX, CO I, and JOHN CREAMER, E-2 Floor Officer, CO I, | * | |
| Defendants. | * | |

## O R D E R

On March 26, 2015, the United States Magistrate Judge entered a Report and Recommendation recommending that Plaintiff's deliberate indifference claim be dismissed because he had failed to exhaust his administrative remedies. (Doc. No. 35.) This Court adopted the Report and Recommendation over Plaintiff's objections on April 20, 2015. Plaintiff was permitted, however, to proceed on his excessive force claim against the Defendants in their individual capacities; thus, the case remains an open and pending case before this Court.

On January 25, 2016, this Court received for filing Plaintiff's "Notice of Discretionary Out of Time Appeal," appealing the Court's dismissal of his deliberate indifference claim. This notice comes over nine months after the dismissal. The Court construes this filing as a motion to file an out-of-time appeal.

Appellate Rule 4(a)(6) allows the time for appeal to be reopened but only upon the satisfaction of three elements: (1) the Court finds the moving party did not receive notice of the order sought to be appealed from within 21 days after entry; (2) the motion to reopen is filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . of the entry, whichever is earlier"; and (3) no party would be prejudiced thereby. Here, Plaintiff does not contend that he did not receive the April 20, 2015 Order within 21 days after it was entered. Moreover, he indisputably failed to file the present motion within 180 days of the entry of the April 20, 2015 Order. For these reasons, the Court is unable to re-open the time for appeal.[1]

Upon the foregoing, Plaintiff's motion to re-open the time for appeal (doc. no. 84) must be **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of February, 2016.

UNITED STATES DISTRICT JUDGE

---

[1] Because final judgment has not been entered in this case, Plaintiff is attempting to appeal an interlocutory order. In order to obtain discretionary appellate review of an interlocutory order, a party must obtain certification from the district court that (1) the interlocutory order presents a controlling question of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Even if the Court could have re-opened the time for appeal, this Court would not have granted this certification.