ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 AUG 29 P 2: 16
CLERK OBurton
SO. DIST. OF GA.

| | |
|---|---|
| JOHNNIE SHAFFER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV 314-070 |
| ) | |
| LT. KYLE MADDOX, CO I, and ) | |
| JOHN CREAMER, E-2 Floor Officer, CO I, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court are objections to the Magistrate Judge's (1) denial of Plaintiff's request to contact an inmate at another institution in an effort to obtain a summary judgment affidavit; and (2) recommendation for denial of Plaintiff's motion for summary judgment and granting of Defendants' cross-motion. (Doc. nos. 96, 97, 98.)

I. **Objections to Denial of Plaintiff's Request to Contact an Inmate at Another Institution**

The Court modifies or sets aside non-dispositive rulings by the Magistrate Judge that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when the Magistrate Judge abuses his discretion or the District Judge, after reviewing the entire record, "is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013.) A ruling is contrary to law when it fails to follow or misapplies the law. Id.

Discovery closed on September 14, 2015. (See doc. no. 41.) On December 28, 2015, more than one month after Defendants filed their motion for summary judgment, Plaintiff filed a belated discovery motion asking the Court to compel prison officials to help him contact an inmate from another institution to obtain an affidavit. (See doc. nos. 60, 64.) The Magistrate Judge denied the request, explaining Plaintiff had not shown how this inmate had any relevant knowledge, but allowed Plaintiff to re-urge his motion with details concerning relevance. (See doc. no. 67, pp. 2-3.)

Later the same day the Magistrate Judge issued his ruling, Defendants filed their opposition, (1) highlighting the untimeliness of the motion, (2) explaining Plaintiff had not attempted during the discovery period to obtain witness statements and only first attempted to contact the other inmate on December 3, 2015, after Defendants had filed and served their motion for summary judgment, and (3) noting normal security restrictions do not allow for inmate-to-inmate communications. (See doc. no. 68, pp. 1-3.) Despite the identification of the deficiencies with Plaintiff's request from both the Court and Defendants, Plaintiff responded by refiling the motion the Magistrate Judge denied in his July 27, 2016 Order.

The Magistrate Judge correctly concluded there was no reason to compel prison officials to alter standard security measures to allow contact with an inmate at another institution. Plaintiff proffered the inmate would provide information about a dismissed claim and corroborate sworn testimony already in the record from Plaintiff that the Magistrate Judge considered and analyzed for purposes of the summary judgment analysis. The ruling was not clearly erroneous or contrary to law, and the Court **OVERRULES** Plaintiff's objections. (Doc. no. 98.)

2

## II. Objections to the Report and Recommendation

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. nos. 96, 97). Defendants argue in their objections the Magistrate Judge wrongly interpreted the injury requirement of Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), ("PLRA"), and the PLRA requires more than *de minimis* physical injury for a prisoner plaintiff to recover compensatory damages. (Doc. no. 96, p. 2.) Although the Magistrate Judge discussed the injury requirement of the PLRA and observed the instant case does not fall within the category of cases alleging only mental or emotional injury, he ultimately concluded the issue of damages is moot since summary judgment is proper on other grounds. (Doc. no. 94, p. 10.) The Court, in adopting the Report and Recommendation, agrees, and it is therefore unnecessary for this Court to rule on what type of damages might have been available to Plaintiff. Accordingly, the Court **OVERRULES** Defendants' objections.

Plaintiff raises multiple objections, all of which the Court **OVERRULES**, but two merit further discussion. First, Plaintiff claims the Magistrate Judge contradicted himself by recommending summary judgment be granted to Defendants yet also identifying a dispute as to why Plaintiff resisted moving during the escort to a new cell. (Doc. no. 97, pp. 9-10 (citing doc. no. 94, p. 15).) Plaintiff fails to acknowledge the Magistrate Judge, after identifying the factual dispute, goes on to explain, "This dispute does not prevent an award of summary judgment because it is not material to an outcome determinative issue." (Doc. no. 94, pp. 15-16.) Indeed, the case cited by the Magistrate Judge states, "Only disputes of

material fact are important at summary judgment. The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).

The dispute as to why Plaintiff resisted moving – whether Defendants were threatening to take Plaintiff to an undisclosed location or simply trying to take him to the shower – brings the Court to the second objection warranting further comment. Plaintiff contends the Magistrate Judge made a "grievous error" when stating all parties agree Plaintiff was never taken to an undisclosed location and beaten because he was taken to an unauthorized location. (Doc. no. 97, p. 10 (emphasis in original).) According to Plaintiff, because his movement history shows on March 25, 2014, he had a disciplinary bed move to cell 218 in the E-dorm, (doc. no. 52-3, Shaffer Dep., Ex. 1, p. 1), any stop at any location along the way was unauthorized.

Nothing in the record supports Plaintiff's assertion Defendants were authorized to take him to one cell, and one cell only, without any stops, for any reason including taking a shower, along the way. Stated otherwise, the movement history does not establish there was an absolute requirement prior to the start of the escort that Plaintiff move directly to cell 218. It shows only that he ultimately ended up in cell 218. Plaintiff's argument misses the mark, and the Court agrees the Magistrate Judge's analysis properly focused on "what force was applied when Plaintiff became resistant and non-compliant during the escort, and Defendants had to restore order and stop an immediate safety threat." (Doc. no. 94, p. 16.)

material fact are important at summary judgment. The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).

The dispute as to why Plaintiff resisted moving – whether Defendants were threatening to take Plaintiff to an undisclosed location or simply trying to take him to the shower – brings the Court to the second objection warranting further comment. Plaintiff contends the Magistrate Judge made a "grievous error" when stating all parties agree Plaintiff was never taken to an undisclosed location and beaten because he was taken to an unauthorized location. (Doc. no. 97, p. 10 (emphasis in original).) According to Plaintiff, because his movement history shows on March 25, 2014, he had a disciplinary bed move to cell 218 in the E-dorm, (doc. no. 52-3, Shaffer Dep., Ex. 1, p. 1), any stop at any location along the way was unauthorized.

Nothing in the record supports Plaintiff's assertion Defendants were authorized to take him to one cell, and one cell only, without any stops, for any reason including taking a shower, along the way. Stated otherwise, the movement history does not establish there was an absolute requirement prior to the start of the escort that Plaintiff move directly to cell 218. It shows only that he ultimately ended up in cell 218. Plaintiff's argument misses the mark, and the Court agrees the Magistrate Judge's analysis properly focused on "what force was applied when Plaintiff became resistant and non-compliant during the escort, and Defendants had to restore order and stop an immediate safety threat." (Doc. no. 94, p. 16.)

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's motion for summary judgment, (doc. no. 48), **GRANTS** Defendants' motion for summary judgment, (doc. no. 52), **DIRECTS** the Clerk to **ENTER** final judgment in favor of Defendants, and **CLOSES** this civil action.

SO ORDERED this 29th day of August, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE